*504
 
 BERGER, Judge.
 

 *804
 
 Kenneth Vernon Golder II ("Defendant") appeals the trial judgments of obtaining property by false pretenses, accessing a government computer, altering court records, and unlicensed bail bonding. Defendant has challenged both the indictment and sufficiency of the evidence for his unlicensed bail bonding conviction, as well as the sufficiency of the evidence for the aiding and abetting theory of criminal liability and the obtaining property by false pretenses conviction. After careful review of Defendant's assignments of error, we find Defendant received a fair trial free from error.
 

 Defendant has also petitioned this Court for a writ of certiorari seeking review if we were to find service of his notice of appeal to be deficient, and we see no need to grant this petition. It is the
 
 filing
 
 of the notice of appeal that confers jurisdiction upon this Court, not the
 
 service
 
 of the notice of appeal.
 
 Lee v. Winget Rd., LLC
 
 ,
 
 204 N.C. App. 96
 
 , 100,
 
 693 S.E.2d 684
 
 , 688 (2010) (citation omitted). The State has entered no objection to any lack of service and has participated in this appeal, thereby waiving service of Defendant's notice of appeal.
 
 See
 

 Hale v. Afro-American Arts International
 
 ,
 
 335 N.C. 231
 
 , 232,
 
 436 S.E.2d 588
 
 , 589 (1993).
 

 *805
 

 Factual & Procedural Background
 

 In September 1999, Kelvin Ballentine ("Ballentine") joined the Wake County Clerk's Office ("Clerk" or "Clerk's Office") where he was employed in various capacities until 2013. Ballentine was the Bond Forfeiture Clerk from 2006 until 2008, when he joined the estates division of the Clerk's Office. As Bond Forfeiture Clerk, Ballentine worked with the bail bondsmen in Wake County and, in agreement with several bondsmen, began a scheme in 2006 by which he would use his access to the State's automated Civil Case Processing System ("VCAP") to enter false data into the system in exchange for cash. Specifically, Ballentine agreed to enter data into VCAP that would show motions to set aside bond forfeitures had been filed with the Clerk, even though no motions were in fact filed.
 

 When a defendant fails to appear on their court date, any posted bond is considered forfeited and is recorded as such by the clerk. After notification of forfeiture from the Clerk, the bondsman has 150 days to either bring the defendant client into custody or dispute liability for the bond.
 

 Monies collected from bond forfeitures go to the county board of education. A motion to set aside a bond forfeiture must be filed with the Clerk and served upon the school board. The board has twenty days to file an objection to the motion, otherwise it is automatically granted and the bondsman is relieved of liability for the bond. Ballentine knew that the Wake County School Board ("School Board"), if no physical set aside motion was filed, would have "no way of knowing" it should contest the motion and the bondsman's liability would be relieved automatically.
 

 In 2007, Ballentine met with Defendant at his bonding company office to discuss this scheme. The two men reached an agreement where Defendant would provide a list of cases, with case numbers, names of the defendant clients and bond amounts, and then Ballentine would enter fictitious motions to set aside into the VCAP system. For these fictitious entries, Ballentine would be paid between $500.00 and $2,000.00 in cash.
 

 This scheme continued from 2007 until November 2012. During that time, Defendant would send his case list through text message to Ballentine. Defendant would then generally drop an envelope of cash into Ballentine's vehicle through a window left cracked for this purpose, although Defendant occasionally paid Ballentine in person.
 

 *806
 
 In 2012, Ballentine decided he could no longer assist Defendant and ended their scheme. In 2013, the Clerk received information regarding irregularities in several bond forfeiture cases and, in conjunction with the Administrative Office of the Courts, the State Bureau of Investigation and the Wake County District Attorney's Office, began an investigation. Many of the questionable cases had no physical set aside motions in the Clerk's files, and neither the State, nor the School Board, had copies of the motions and notices that should have been in their files.
 

 *505
 
 Ballentine could only make entries into VCAP through his username, thereby leaving digital fingerprints showing a pattern of unauthorized entries of set aside motions with no corresponding physical copies. Ballentine was confronted, relieved of his duties with the Clerk's Office, and he eventually made a full disclosure to the State Bureau of Investigation. Of at least 300 cases impacted by Ballentine's fictitious entries, 137 were associated with Defendant and these had an aggregate value of $480,100.00.
 

 On February 25, 2014, Defendant was indicted for the felonies of obtaining property by false pretenses worth $100,000.00 or more, in violation of
 
 N.C. Gen. Stat. § 14-100
 
 ; unlawfully accessing a government computer, in violation of
 
 N.C. Gen. Stat. § 14-454.1
 
 ; and unlawfully altering court records, in violation of
 
 N.C. Gen. Stat. § 14-221.2
 
 . Defendant was also indicted for the misdemeanors of a bail bonding violation, pursuant to
 
 N.C. Gen. Stat. § 58-71-95
 
 ; and unlicensed bail bonding, pursuant to
 
 N.C. Gen. Stat. § 58-71-40
 
 . Defendant was tried before a jury in Wake County Superior Court starting on October 5, 2015. The trial court dismissed the bail bond violation during trial.
 

 On October 12, 2015, the jury found Defendant guilty of obtaining property valued below $100,000.00 by false pretenses, unlawfully accessing a government computer, unlawfully altering court records, and unlicensed bail bonding. Defendant was sentenced to individual terms of imprisonment running consecutively totaling from thirty-five months to forty-three months, including forty-five days imprisonment for the unlicensed bail bonding conviction, and $480,100.00 in restitution for the obtaining property by false pretenses conviction. Defendant filed written notice of appeal on October 21, 2015, but this notice was not served on the State. As discussed above, the State waived the required service of Defendant's notice by participating in this appeal without objection.
 

 Analysis
 

 Defendant has asserted two classifications of assignments of error in this appeal. His first classification contests the validity of the indictment
 
 *807
 
 charging Defendant with unlicensed bail bonding, a misdemeanor. In his second classification of assignment of error, Defendant argues that the State did not introduce sufficient evidence at trial to sustain the convictions. Defendant asserts that the trial court erred in failing to dismiss (1) the charges of obtaining property by false pretenses, accessing a government computer, and altering court records because the State failed to present sufficient evidence that Defendant aided and abetted Ballentine; (2) the charge of obtaining property by false pretenses because the State failed to show Defendant obtained anything of value; and (3) the charge of unlicensed bail bonding because the State failed to show Defendant acted in the capacity of a bail bondsman. We will take each in turn.
 

 I.
 
 Indictment
 

 Defendant was indicted, tried, and convicted for unlicensed bail bonding in violation of
 
 N.C. Gen. Stat. § 58-71-40
 
 . Defendant argues that the indictment charging him with unlicensed bail bonding was fatally defective, and that the trial court erred in failing to grant Defendant's motion to dismiss that charge based upon the faulty indictment. Defendant specifically argues that count of the indictment was fatally defective because (1) no definite acts of unlicensed bail bonding were alleged in the indictment, and because (2) this count of the indictment did not assert facts supporting every element of a criminal offense, and Defendant's commission thereof, with sufficient precision to apprise Defendant of the conduct that was the subject of the accusation. We disagree.
 

 "Where an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at any time...."
 
 State v. Collins
 
 ,
 
 221 N.C. App. 604
 
 , 610,
 
 727 S.E.2d 922
 
 , 926 (2012) (citation, quotation marks, and brackets omitted). "On appeal, we review the sufficiency of an indictment
 
 de novo
 
 ."
 

 Id.
 

 (citation and quotation marks omitted).
 

 In North Carolina, a criminal pleading must generally contain, in pertinent part: (1) the identification of the defendant;
 

 *506
 
 (2) a "separate count addressed to each offense charged"; (3) the county in which the offense took place; (4) the date, or range of dates, during which the offense was committed; (5) a "plain and concise factual statement in each count" that supports every element of the offense and the defendant's commission thereof; and (6) the "applicable statute, rule, regulation, ordinance, or other provision of law alleged therein to have been violated." N.C. Gen. Stat. § 15A-924(a)(1)-(6) (2015). For an indictment charging the offense to be valid, it
 

 *808
 
 must charge all the essential elements of the alleged criminal offense. If the charge is a statutory offense, the indictment is sufficient when it charges the offense in the language of the statute. The two purposes of an indictment are to make clear the offense charged so that the investigation may be confined to that offense, that proper procedure may be followed, and applicable law invoked; and to put the defendant on reasonable notice so as to enable him to make his defense.
 

 Collins
 
 ,
 
 221 N.C. App. at 610
 
 ,
 
 727 S.E.2d at 926
 
 (citations, quotation marks, brackets, and ellipses omitted).
 

 In the case
 
 sub judice
 
 , the count of the indictment here at issue stated:
 

 And the jurors for the State upon their oath present that on or about and between January 2, 2008 through and until November 21, 2012, in Wake County, the Defendant named above unlawfully and willfully did
 
 act in the capacity of, and performed the duties, functions, and powers of a surety bondsman and runner, without being qualified and licensed
 
 to do so. This act was done in violation of N.C.G.S. 58-71-40.
 

 (Emphasis added).
 

 "As a general rule, an indictment couched in the language of the statute is sufficient to charge the statutory offense."
 
 State v. Lucas
 
 ,
 
 353 N.C. 568
 
 , 584,
 
 548 S.E.2d 712
 
 , 724 (2001),
 
 overruled on other grounds by
 

 State v. Allen
 
 ,
 
 359 N.C. 425
 
 ,
 
 615 S.E.2d 256
 
 (2005) (citation and quotation marks omitted). The indictment here charged a violation of
 
 N.C. Gen. Stat. § 58-71-40
 
 , which states in relevant part that "[n]o person shall
 
 act in the capacity of
 
 a professional bondsman, surety bondsman, or runner or
 
 perform any of the functions, duties, or powers prescribed for professional bondsmen, surety bondsmen, or runners
 
 under this Article
 
 unless that person is qualified and licensed
 
 under this Article." G.S. § 58-71-40(a) (2015) (emphasis added). The language of the indictment is plainly couched in the language of the statute. It is sufficient to clearly identify the crime being charged, apprise Defendant of this charge against him allowing preparation for trial, and preclude the State from putting Defendant in jeopardy more than once for the same crime.
 
 State v. Sturdivant
 
 ,
 
 304 N.C. 293
 
 , 311,
 
 283 S.E.2d 719
 
 , 731 (1981) (citation omitted).
 

 *809
 
 Although Defendant contends in his brief that this indictment was fatally defective based upon the fact that it failed to specify the exact manner in which he allegedly violated Section 58-71-40, Defendant has failed to cite any authority establishing the existence of such a requirement, and we have been unable to identify any such authority in our own research.
 
 See
 

 State v. Miranda
 
 ,
 
 235 N.C. App. 601
 
 , 606-07,
 
 762 S.E.2d 349
 
 , 353-54 (2014) (finding no requirement that allegations of the exact manner in which a statute was violated be included in an indictment charging a statutory offense). Therefore, the indictment was not fatally defective, but gave the trial court jurisdiction to charge the jury, record the verdict, and enter judgment on Defendant's violation of Section 58-71-40.
 

 II.
 
 Sufficiency of the Evidence
 

 In Defendant's second classification of assignment of error, he asserts that the State introduced insufficient evidence to sustain Defendant's convictions. First, he argues that the evidence of his aiding and abetting Ballentine was insufficient to sustain the convictions of obtaining property by false pretenses, accessing a government computer, or altering court records. Second, he argues that the evidence was insufficient to sustain the obtaining property by false pretenses conviction because Defendant allegedly received no property or thing of value. And third, he argues that the evidence of Defendant acting in the capacity of a bail bondsman
 
 *507
 
 was insufficient to sustain his unlicensed bail bonding conviction. We take each assignment of error in turn, and ultimately find Defendant's arguments unavailing. We affirm the judgment of the trial court because not only did Defendant fail to preserve his right to appellate review of the alleged error, but also sufficient evidence was introduced to sustain the convictions for which appellate review was preserved.
 

 "This Court reviews the trial court's denial of a motion to dismiss
 
 de novo
 
 ."
 
 State v. Smith
 
 ,
 
 186 N.C. App. 57
 
 , 62,
 
 650 S.E.2d 29
 
 , 33 (2007) (citation omitted). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied."
 
 State v. Fritsch
 
 ,
 
 351 N.C. 373
 
 , 378,
 
 526 S.E.2d 451
 
 , 455,
 
 cert. denied
 
 ,
 
 531 U.S. 890
 
 ,
 
 121 S.Ct. 213
 
 ,
 
 148 L.Ed. 2d 150
 
 (2000) (citation omitted).
 

 "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
 

 *810
 

 State v. Smith
 
 ,
 
 300 N.C. 71
 
 , 78-79,
 
 265 S.E.2d 164
 
 , 169 (1980) (citations omitted). "In making its determination, the trial court must consider all [competent] evidence admitted ... in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor."
 
 State v. Rose
 
 ,
 
 339 N.C. 172
 
 , 192,
 
 451 S.E.2d 211
 
 , 223 (1994),
 
 cert. denied
 
 ,
 
 515 U.S. 1135
 
 ,
 
 115 S.Ct. 2565
 
 ,
 
 132 L.Ed. 2d 818
 
 (1995) (citation omitted).
 

 Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence. If the evidence presented is circumstantial, the court must consider whether a reasonable inference of defendant's guilt may be drawn from the circumstances. Once the court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts, taken singly or in combination, satisfy it beyond a reasonable doubt that the defendant is actually guilty.
 

 Fritsch
 
 ,
 
 351 N.C. at 379
 
 ,
 
 526 S.E.2d at 455
 
 (citations, emphasis, quotation marks, and brackets omitted).
 

 A.
 
 Aiding & Abetting
 

 Defendant has challenged the sufficiency of the evidence used to convict him of several felonies because the State allegedly failed to prove he aided and abetted Ballentine in the commission of these felonies. A defendant is guilty of a crime based upon an aiding and abetting theory if the State proves beyond a reasonable doubt that "(i) the crime was committed by some other person; (ii) the defendant knowingly advised, instigated, encouraged, procured, or aided the other person to commit that crime; and (iii) the defendant's actions or statements caused or contributed to the commission of the crime by that other person."
 
 State v. Goode
 
 ,
 
 350 N.C. 247
 
 , 260,
 
 512 S.E.2d 414
 
 , 422 (1999) (citation omitted).
 

 Aid or active encouragement, or the communication of the intent to assist, in the commission of the crime is sufficient to show aiding and abetting.
 

 Id.
 

 (citation omitted). "The communication or intent to aid does not have to be shown by express words of the defendant but may be inferred from his actions and from his relation to the actual perpetrators."
 

 Id.
 

 (citation omitted). "When there is evidence that the individual knew about and aided in the offense, or shared the intent and was in a position to aid and encourage, the matter should go to a jury."
 
 State v. Sink
 
 ,
 
 178 N.C. App. 217
 
 , 221,
 
 631 S.E.2d 16
 
 , 19,
 
 writ denied
 
 ,
 
 disc. review denied
 
 ,
 
 360 N.C. 581
 
 ,
 
 636 S.E.2d 195
 
 (2006) (citation omitted).
 

 *811
 
 However, Defendant has argued a theory on appeal that was not argued before the trial court, and "where a theory argued on an appeal was not raised before the trial court, the argument is deemed waived on appeal."
 
 State v. Hernandez
 
 ,
 
 227 N.C. App. 601
 
 , 608,
 
 742 S.E.2d 825
 
 , 829 (2013) (citations, quotation marks, and brackets omitted). "In order to preserve a question for appellate review, a party must have presented the trial court with a timely request, objection or motion, stating the specific grounds for the
 
 *508
 
 ruling sought if the specific grounds are not apparent."
 
 State v. Eason
 
 ,
 
 328 N.C. 409
 
 , 420,
 
 402 S.E.2d 809
 
 , 814 (1991) (citing N.C.R. App. P. 10(b)(1) ). "[A] defendant may not make insufficiency of the evidence to prove the crime charged the basis of an issue presented on appeal unless a motion to dismiss the action ... is made at trial." N.C.R. App. P. 10(a)(3) (2017). Defendant made no motion to dismiss for this count, whether a general objection to the sufficiency of the evidence or a specific objection to the State's 'aiding and abetting' theory of criminal liability.
 

 "[I]f a defendant fails to move to dismiss the action, ... defendant may not challenge on appeal the sufficiency of the evidence to prove the crime charged."
 
 Id
 
 . Therefore, "an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(a)(4) (2017). Defendant has not argued plain error.
 

 "[M]atters that are not raised and passed upon at trial will not be reviewed for the first time on appeal."
 
 State v. Garcia
 
 ,
 
 358 N.C. 382
 
 , 410,
 
 597 S.E.2d 724
 
 , 745 (2004),
 
 cert. denied
 
 ,
 
 543 U.S. 1156
 
 ,
 
 125 S.Ct. 1301
 
 ,
 
 161 L.Ed. 2d 122
 
 (2005) (citations and quotation marks omitted). Because Defendant made several specific arguments when moving the trial court to dismiss certain charges, but did not challenge the State's aiding and abetting theory, he has waived appellate review of this alleged error. We therefore do not reach the merits of Defendant's argument on this issue, and his assignment of error is overruled.
 

 B.
 
 Obtaining Property by False Pretenses
 

 Defendant has challenged the sufficiency of the evidence for his obtaining property by false pretenses conviction. "Obtaining property by false pretenses is defined as (1) a false representation of a past or subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which the defendant obtains or attempts to obtain anything of value from another
 
 *812
 
 person pursuant to
 
 N.C. Gen. Stat. § 14-100
 
 (a)."
 
 State v. Barker
 
 ,
 
 240 N.C. App. 224
 
 , 229,
 
 770 S.E.2d 142
 
 , 146 (2015) (citation and brackets omitted). If the value of what is obtained is greater than $100,000.00, then the violation is a Class C felony; if less, then a Class H felony.
 
 N.C. Gen. Stat. § 14-100
 
 (a) (2015).
 

 As stated above, arguments made before the trial court as the basis for a motion to dismiss must be consistent with arguments made on appeal, because "where a theory argued on an appeal was not raised before the trial court, the argument is deemed waived."
 
 Hernandez
 
 ,
 
 227 N.C. App. at 608
 
 ,
 
 742 S.E.2d at 829
 
 (citations, quotation marks, and brackets omitted). Furthermore, a "specific reference to one element of the offense [will] remove[ ] the other elements of the offense from the trial court's consideration, and therefore from this Court's consideration, because the consideration of the sufficiency of the evidence on those other elements was no longer 'apparent from the context.' "
 
 State v. Walker
 
 , --- N.C. App. ----, ----,
 
 798 S.E.2d 529
 
 , 531,
 
 disc. review denied
 
 ,
 
 369 N.C. 755
 
 ,
 
 799 S.E.2d 619
 
 (2017) (quoting N.C.R. App. P. 10(a)(1) (2015) ).
 

 In
 
 Walker
 
 , this Court explained further that
 

 [a] specific reference to one element contrasts with cases in which a defense counsel makes a more generalized motion to dismiss for insufficiency of the evidence.
 
 See, e.g.
 
 ,
 
 State v. Glisson
 
 , [--- N.C. App. ----, ----,]
 
 796 S.E.2d 124
 
 , 127 [ (2017) ] (holding that the defendant's challenge to the sufficiency of the evidence was preserved because the trial court referred to the challenge as a "global" and "prophylactic" motion to dismiss, thereby making apparent that the trial court considered the sufficiency of the evidence as to all elements of each charged offense);
 
 State v. Pender
 
 [
 
 243 N.C. App. 142
 
 , 153]
 
 776 S.E.2d 352
 
 , 360 (2015) (holding that while the defense counsel presented a specific argument addressing only two elements of two charges, counsel also asserted a general motion to dismiss which "preserved [the defendant's] insufficient evidence arguments
 
 *509
 
 with respect to all of his convictions");
 
 State v. Mueller
 
 ,
 
 184 N.C. App. 553
 
 , 559,
 
 647 S.E.2d 440
 
 , 446 (2007) (holding that the trial counsel's presentation of a specific argument addressed only five charges, but the general motion to dismiss preserved the arguments regarding the other charges on appeal). A general motion to dismiss requires the trial court to consider the sufficiency of
 
 *813
 
 the evidence on all elements of the challenged offenses, thereby preserving the arguments for appellate review.
 

 Id
 
 .
 

 Here, Defendant's argument on appeal specifically focuses on element four, whether Defendant obtained property or anything of value. It must be noted initially that Defendant was paying Ballentine $500.00 or more to alter court records. From this it can be inferred, and it was for the jury to decide, that what was obtained had value, at least to Defendant. However, this was not the objection made to the trial court.
 

 At the close of all evidence, Defendant made a narrow objection to the sufficiency of the evidence to support this charge by arguing "that essentially the numbers are off." This is the same objection Defendant made at the close of the State's evidence, although Defendant also argued before he introduced his own evidence that elimination of contingent future interest in property does not fulfill the obtaining 'property' requirement. However, all that our law requires is that "the defendant obtain[ ] or attempt[ ] to obtain anything of value."
 
 Barker
 
 ,
 
 240 N.C. App. at 229
 
 ,
 
 770 S.E.2d at 146
 
 (citation and brackets omitted). 'Anything' is the most broad term one can use to define the class of valuable items that could satisfy this element, and that factual determination was for the jury.
 

 When Defendant argued at the close of all evidence that the dollar amount attributed to the thing of value obtained was less than alleged in the indictment, he narrowed the scope of his objection, and that objection is all that would be reviewable by this Court. As in
 
 Walker
 
 , Defendant "failed to broaden the scope of his motion when he renewed it following the close of all the evidence," and therefore "failed to preserve the issue[ ] of the sufficiency of the evidence as to the other elements of the charged offense[ ] on appeal."
 
 Walker
 
 , --- N.C. App. at ----,
 
 798 S.E.2d at 532
 
 .
 

 The indictment alleged a value of $480,100.00, to which Defendant objected and argued that the "total dollar amount is $63,000.00." It would appear from the record that Defendant was attempting to have the crime charged in the indictment reduced from a Class C felony to a Class H felony. The jury convicted Defendant of the latter Class H felony.
 

 Defendant cannot now argue that the evidence was insufficient because there was
 
 no
 
 thing of value. Similar to our review of Defendant's argument on the sufficiency of the State's aiding and abetting evidence, Defendant's failure to argue the specific theory on appeal that was
 
 *814
 
 argued to the trial court has waived his right to appellate review on this issue.
 

 C.
 
 Unlicensed Bail Bonding
 

 Defendant has challenged the sufficiency of the evidence for his conviction for unlicensed bail bonding. Section 58-71-40 states that "[n]o person shall [ (1) ] act in the capacity of a professional bondsman, surety bondsman, or runner or perform any of the functions, duties, or powers prescribed for professional bondsmen, surety bondsmen, or runners under this Article[,] [ (2) ] unless that person is qualified and licensed under this Article."
 
 N.C. Gen. Stat. § 58-71-40
 
 (a) (2015). This same Article 71 makes any violation of any provision under this Article, unless otherwise provided, a Class 1 misdemeanor.
 
 N.C. Gen. Stat. § 58-71-185
 
 (2015).
 

 Here, Defendant admitted in his testimony at trial, and does not challenge in this appeal, that he would not be qualified to be licensed and has never applied to be licensed as a bondsman in North Carolina. He contests whether there was sufficient evidence that he "acted in the capacity of" or "performed the functions, duties, or powers" of a bondsman.
 

 "[T]he Commissioner of Insurance has the 'full power and authority to administer the provisions' of Article 71, [which regulates]
 

 *510
 
 'Bail Bondsmen and Runners.' "
 
 Rockford-Cohen Grp., LLC v. N.C. Dep't of Ins.
 
 ,
 
 230 N.C. App. 317
 
 , 319,
 
 749 S.E.2d 469
 
 , 472 (2013),
 
 appeal dismissed, disc. review denied
 
 ,
 
 367 N.C. 532
 
 ,
 
 762 S.E.2d 461
 
 (2014) (quoting
 
 N.C. Gen. Stat. § 58-71-5
 
 (2011) ). At trial, the Compliance Section Supervisor of the Agent Services Section of the Department of Insurance ("Department") testified on behalf of the State. She explained that the Department has interpreted Article 71, the governing statutes, to prohibit an unlicensed person from,
 
 inter alia
 
 , screening potential bond clients; negotiating the terms of and receiving the initial premium paid for a bond; discussing motions and petitions with court staff that relate to a bond forfeiture; relaying messages regarding these same motions and petitions to court staff on behalf of the bondsman; and apprehending, or even being present or assisting in apprehending, a defendant client who has missed a required court appearance.
 

 Although "an agency's interpretation is not binding," "[w]e give great weight to an agency's interpretation of a statute it is charged with administering[.]"
 
 High Rock Lake Partners, LLC v. N.C. Dep't of Transp.
 
 ,
 
 366 N.C. 315
 
 , 319,
 
 735 S.E.2d 300
 
 , 303 (2012) (citations and quotation marks omitted). In line with the interpretation of the Department, the trial court instructed the jury that "a bail bondsman or runner may discuss motions to set aside [a bond forfeiture] with court staff while an
 
 *815
 
 unlicensed employee of a bail bondsman may not." It went on to instruct that if the jury found from the evidence that Defendant had acted in the capacity of a bail bondsman without being qualified or licensed to do so, it would be the jury's duty to return a verdict of guilty.
 

 Ballentine testified that he knew Defendant from working as the clerk overseeing bond forfeitures for the Wake County Clerk's Office. He further testified that Defendant would send him a list of defendant-clients' names, along with their case information and bond amounts being forfeited, and place an envelope of cash in Ballentine's vehicle. The evidence showed that Ballentine was being compensated for entering false information into the electronic court files to create the illusion that motions to set aside bond forfeitures had been filed. This was done to relieve Defendant's liability for bonds forfeited due to his defendant-clients' failures to appear in court. The electronic file systems would automatically grant these motions to set aside if no objection was filed by the State or the county Board of Education. Neither the State nor the Board of Education would receive notice, and, therefore, have no opportunity to object because no physical motions were ever filed. Each fictitious motion to set aside about which Ballentine and Defendant communicated was granted automatically, and Defendant's liability was released. Sufficient relevant and direct evidence, that a reasonable mind might accept as adequate, was introduced at trial from which the conclusion that Defendant had acted in the capacity of a bondsman without being licensed to do so could be reached.
 

 Defendant has argued that, although Ballentine was court staff, he and Defendant were not discussing
 
 actual
 
 motions to set aside, merely discussing
 
 false entries
 
 that motions to set aside had been filed. This argument is unconvincing because the crime focuses on the matter being addressed and whether whomever is addressing that matter is licensed to do so. Therefore, whether or not the motions to set aside were real or fictitious has no bearing on whether the Defendant discussed a specific bond with a member of the Clerk's Office, thereby acting in the capacity of a bail bondsman. The trial court did not err in denying Defendant's motion to dismiss, and this assignment of error is overruled.
 

 Conclusion
 

 We have carefully reviewed Defendant's assignments of error and have found that either Defendant waived appellate review for the alleged error, or that no error was committed. Defendant's indictment charging the statutory offense of unlicensed bail bonding had no errors, and sufficient evidence was introduced to allow Defendant's guilt for this
 
 *511
 
 charge
 
 *816
 
 to be decided by the jury. Defendant's failure to object waived review of the sufficiency of the aiding and abetting theory evidence because no motion to dismiss was made. Defendant's motion to dismiss the obtaining property by false pretenses charge was based upon a substantially different argument in the trial court than the argument made here, and Defendant thereby waived our review of this charge. Therefore, we find no error in the judgment of the trial court.
 

 NO ERROR.
 

 Judges CALABRIA and HUNTER, JR. concur.