IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-944

Filed: 18 August 2020

Wilson County No. 19 CRS 802

STATE OF NORTH CAROLINA

v.

TABITHA RENEE JENKINS, Defendant.

Appeal by Defendant from judgment entered 13 May 2019 by Judge Walter H. Godwin, Jr. in Wilson County Superior Court. Heard in the Court of Appeals 3 March 2020.

*Attorney General Joshua H. Stein, by Assistant Attorney General Rana M. Badwan, for the State.*

*Edward Eldred for defendant-appellant.*

MURPHY, Judge.

Even when objected to, a defendant's failure to indicate service on the State in violation of N.C. R. App. P. 4(a)(2) does not require dismissal of the appeal as it does not deprive the court of jurisdiction. Despite Defendant's failure to indicate service on the State with notice of appeal, we have jurisdiction and may reach the merits.

A defendant's waiver of counsel must comply with N.C.G.S. § 15A-1242 and be knowing, intelligent, and voluntary. Where a trial court informs a defendant of the right of assistance of counsel and ensures the defendant understands the consequences of a decision to proceed pro se, with a supporting written waiver of

counsel, the waiver of counsel is considered knowing, intelligent, and voluntary. Where a trial court's inquiry into a defendant's waiver of counsel is substantially similar to the inquiry in *Whitfield*, we must uphold the waiver. *State v. Whitfield,* 170 N.C. App. 618, 621, 613 S.E.2d 289, 291 (2005). Here, we find the trial court's inquiry to be substantially similar to the inquiry in *Whitfield*, and therefore it satisfies the statutory mandate. We affirm.

## BACKGROUND

On 21 February 2017, Defendant, Tabitha Jenkins, pleaded guilty to second-degree kidnapping and simple assault. The trial court entered a consolidated judgment imposing a suspended sentence of 23 to 40 months and placing Defendant on supervised probation for 36 months. On 15 March 2019, a probation officer filed a violation report alleging Defendant absconded "by willfully avoiding supervision or by willfully making the supervisee's whereabouts unknown to the supervising probation officer."

On 13 May 2019, Defendant appeared for her probation revocation hearing at which time she had the following exchange with the trial court:

> [STATE]: Tabitha Jenkins. She needs to be advised, Your Honor.
>
> THE COURT: All right, Miss Jenkins, you can come around please, ma'am.
>
> Miss Jenkins, you're up here for an alleged probation violation. If it's

found that your violation is a willful one, you could be required to serve the suspended sentence that was heretofore given to you which is not less than 23, no more than 40 months in the Department of Corrections. You got the right to remain silent. Anything you say can and will be used against you. You got the right to represent yourself, hire an attorney of your own choosing and if you feel you cannot hire an attorney, I'll review an affidavit to determine if you so qualify.

What's your desire about a lawyer?

DEFENDANT:    I guess I can for myself.

THE COURT:    All right. Sign the waiver please, ma'am.

(Defendant executed waiver.)

Defendant executed a written waiver of counsel form, AOC-CR-227, and the trial court then heard testimony regarding the probation violation. Defendant admitted violating her probation and explained that she was unable to make appointments with the probation officer because of "problems going on at home . . . ." The trial court found Defendant had violated the conditions of her probation willfully and without valid excuse. The trial court revoked Defendant's probation and activated her underlying sentence on the basis that she absconded supervision.

Defendant, pro se, timely filed a handwritten note indicating a desire to appeal, which did not include proof of service upon the State. The State argues the appeal is

subject to dismissal for failure to comply with the requirements for written notice of appeal under Rule 4(a)(2). N.C. R. App. P. 4 (2019). Defendant argues a violation of "[Rule 4(a)(2)] does not deprive the Court of jurisdiction," and does not warrant dismissal of the appeal. N.C. R. App. P. 4(a)(2) (2019).

As to the merits, Defendant argues that her exchange with the trial court was insufficient to constitute a knowing, voluntary, intelligent waiver of her right to counsel and asserts that she did not understand or appreciate the consequences of waiving counsel or the nature of the charges and proceedings, as required by N.C.G.S. § 15A-1242. The State argues the exchange was sufficient and notes the similarity to *State v. Whitfield* where we found a similar exchange to be sufficient under N.C.G.S. § 15A-1242. *Whitfield*, 170 N.C. App. at 622, 613 S.E.2d at 292.

## ANALYSIS

### A. Jurisdiction

"'[R]ules of procedure are necessary . . . in order to enable the courts properly to discharge their dut[y]' of resolving disputes." *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co., Inc.*, 362 N.C. 191, 193, 657 S.E.2d 361, 362 (2008) (quoting *Pruitt v. Wood,* 199 N.C. 788, 790, 156 S.E. 126, 127 (1930)). "Compliance with the rules, therefore, is mandatory." *Id.* at 194, 657 S.E.2d at 362. However, "noncompliance with the appellate rules does not, ipso facto, mandate dismissal of an appeal. Whether and how a court may excuse noncompliance with the rules depends on the

nature of the default." *Id.* at 194, 657 S.E.2d at 363 (internal citation omitted). "[D]efault under the appellate rules arises primarily from the existence of one or more of the following circumstances: (1) waiver occurring in the trial court; (2) defects in appellate jurisdiction; and (3) violation of *nonjurisdictional requirements*." *Id.* (emphasis added).

"[A] party's failure to comply with nonjurisdictional rule requirements normally should not lead to dismissal of the appeal." *Id.* at 198-99, 657 S.E.2d at 365-66; *see, e.g., Hicks v. Kenan*, 139 N.C. 337, 338, 51 S.E. 941, 941 (1905) (observing our Supreme Court's preference to hear merits of the appeal rather than dismiss for noncompliance with the rules). Only in the most egregious instances of nonjurisdictional default will dismissal of the appeal be appropriate, as "every violation of the rules does not require dismissal of the appeal or the issue." *State v. Hart*, 361 N.C. 309, 311, 644 S.E.2d 201, 202 (2007).

> In determining whether a party's noncompliance with the appellate rules rises to the level of a substantial failure or gross violation, the court may consider, among other factors, whether and to what extent the noncompliance impairs the court's task of review and whether and to what extent review on the merits would frustrate the adversarial process. . . . [W]hen a party fails to comply with one or more nonjurisdictional appellate rules, the court should first determine whether the noncompliance is substantial or gross under Rules 25 and 34. If it so concludes, it should then determine which, if any, sanction under Rule 34(b) should be imposed. Finally, if the court concludes that dismissal is the appropriate sanction, it may then consider

whether the circumstances of the case justify invoking Rule
2 to reach the merits of the appeal.

*Dogwood*, 362 N.C. at 200-01, 657 S.E.2d at 366-67.

To prevent manifest injustice to a party . . . either court of
the appellate division may . . . suspend or vary the
requirements or provisions of any of these rules in a case
pending before it upon application of a party or upon its
own initiative, and may order proceedings in accordance
with its directions.

N.C. R. App. P. 2 (2019).

The State contends that "Defendant's handwritten note does [sic] comply with

the requirements for written notice of appeal under Rule 4. The appeal is subject to

dismissal on this basis." The State relies on *State v. McCoy*, which dismissed "[the]

defendant's appeal for failure to give notice of appeal within fourteen days from the

entry of the order holding him in contempt as required by Rule 4(a)(2)[.]" 171 N.C.

App. 636, 637, 615 S.E.2d 319, 320 (2005). Here, unlike *McCoy*, Defendant's notice

of appeal was timely, but failed to include proof of service.

Defendant relies on *State v. Golder* to assert that lack of service on the State,

while in violation of Rule 4(a)(2), does not deprive us of jurisdiction. In *Golder*, we

held that "the State waived the required service of [the d]efendant's notice by

participating in [the] appeal *without objection.*" *State v. Golder*, 257 N.C. App. 803,

806, 809 S.E.2d 502, 505 (2018) (emphasis added), *aff'd as modified by* 374 N.C. 238,

839 S.E.2d 782 (2020). Here, the State objected and requests dismissal. However,

"[i]t is the *filing* of the notice of appeal that confers jurisdiction upon this Court, not

the *service* of the notice of appeal." *Id.* at 804, 809 S.E.2d at 504 (citing *Lee v. Winget Rd., LLC*, 204 N.C. App. 96, 100, 693 S.E.2d 684, 688 (2010)).

In *Lee v. Winget Rd., LLC,* we addressed a Rule 3[1] violation where appellees argued for dismissal of the appeal because appellants failed to serve the non-appealing plaintiffs and the previously dismissed defendants.

> As plaintiff-appellants have failed to comply with Rule 3, we must now consider whether the appeal must be dismissed pursuant to [*Dogwood*]. If the failure to comply with Rule 3 created a jurisdictional default[,] we would be required to dismiss the appeal. In fact, *Dogwood* noted lack of notice of appeal in the record or failure to give timely notice of appeal as examples of jurisdictional defects. However, *Dogwood* did not address the situation we have here, where a notice of appeal is properly and timely filed, but not served upon all parties. Pursuant to *Hale . . .* we find that this violation of Rule 3 is a nonjurisdictional defect.

> *Dogwood* states that a nonjurisdictional failure to comply with appellate rules normally should not lead to dismissal of the appeal. Neither dismissal nor other sanctions under North Carolina Rules of Appellate Procedure 25 or 34 should be considered unless the noncompliance is a substantial failure to comply with the Rules or a gross violation of the Rules. This Court is required to make a fact-specific inquiry into the particular circumstances of each case mindful of the need to enforce the rules as uniformly as possible. Dismissal is appropriate only for the most egregious instances of nonjurisdictional default. To determine the severity of the rule violation, this Court is to consider: (1) whether and to what extent the noncompliance impairs the court's task of review, (2)

---

[1] Rule 3 is the civil equivalent to Rule 4, and the rationale in *Lee* is applicable to our criminal jurisprudence as well. *See Golder*, 257 N.C. App. at 804, 809 S.E.2d at 504 (applying *Lee* to a Rule 4 situation); *see also* N.C. R. App. P. 3 (2019); N.C. R. App. P. 4 (2019).

whether and to what extent review on the merits would frustrate the adversarial process, and (3) the court may also consider the number of rules violated.

*Lee v. Winget Rd., LLC*, 204 N.C. App. 96, 102, 693 S.E.2d 684, 689-90 (2010) (emphasis omitted) (citations omitted) (internal marks omitted) (internal alterations omitted). In *Lee*, the noncompliance with Rule 3 impaired our review, and we held "review on the merits would frustrate the adversarial process[,] . . .[b]ecause two of the parties to [that] case were never informed of the fact that there was an appeal which affect[ed] their interests, [and we] ha[d] no way of knowing the positions [those] parties would have taken in [that] appeal." *Id.* at 102-03, 693 S.E.2d at 690.

Applying *Lee* and *Golder*, Defendant's failure to indicate service on the State with notice of appeal is a nonjurisdictional defect in violation of Rule 4(a)(2). Unlike in *Lee*, our review is not impaired by Defendant's noncompliance with Rule 4(a)(2). "A notice of appeal is intended to let all parties to a case know that an appeal has been filed by at least one party." *Lee*, 204 N.C. App. at 102-03, 693 S.E.2d at 690. Here, the State was informed of the appeal and was able to timely respond. We know the position of both parties on appeal, and Defendant's violation of Rule 4(a)(2) has not frustrated the adversarial process.

Defendant's failure to indicate service of notice of appeal on the State is a nonjurisdictional defect, and it is neither substantial nor gross under Rules 25 and 34. We proceed to the merits.

### B. Waiver of Counsel

"Prior cases addressing waiver of counsel under N.C.[G.S.] § 15A-1242 have not clearly stated a standard of review, but they do, as a practical matter, review the issue *de novo*." *State v. Watlington*, 216 N.C. App. 388, 393-94, 716 S.E.2d 671, 675 (2011).

A defendant "is entitled to be represented by counsel" during a probation revocation hearing. N.C.G.S. § 15A-1345(e) (2019). "Implicit in [a] defendant's constitutional right to counsel is the right to refuse the assistance of counsel" and proceed pro se. *State v. Gerald*, 304 N.C. 511, 516, 284 S.E.2d 312, 316 (1981).

> A defendant may be permitted . . . to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant: (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled; (2) Understands and appreciates the consequences of this decision; and (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C.G.S. § 15A-1242 (2019). "The provisions of N.C.[G.S.] § 15A-1242 are mandatory where the defendant requests to proceed *pro se*." *State v. Evans*, 153 N.C. App. 313, 315, 569 S.E.2d 673, 675 (2002). Before a defendant in a probation revocation hearing is allowed to represent herself, the trial court must comply with the requirements of N.C.G.S. § 15A-1242. *See Id.* at 316, 569 S.E.2d at 675 (holding the trial court failed to determine whether the defendant's waiver of counsel was knowing, intelligent, and

voluntary by omitting the second and third inquiries required by N.C.G.S. § 15A-1242 at a probation revocation hearing).

A written waiver is important evidence to show a defendant wishes to act as her own attorney. "When a defendant executes a written waiver which is in turn certified by the trial court, the waiver of counsel will be presumed to have been knowing, intelligent, and voluntary, unless the rest of the record indicates otherwise." *State v. Warren,* 82 N.C. App. 84, 89, 345 S.E.2d 437, 441 (1986). However, "[a] written waiver is something in addition to the requirements of N.C.[G.S.] § 15A-1242, not an alternative to it." *Evans,* 153 N.C. App. at 315, 569 S.E.2d at 675 (internal marks omitted).

Defendant argues it was not clear her waiver was "intelligent" and the trial court's inquiry "did not ensure that [she] understood and appreciated 'the consequences' of a decision to proceed pro se." Defendant further argues "[n]o part of the trial court's inquiry is aimed at the inquiry's second prong." Finally, Defendant argues she did not understand the nature of the proceedings.

The State argues *Whitfield* is controlling, where the defendant argued the trial court failed to comply with N.C.G.S. § 15A-1242 regarding whether the waiver of counsel was knowing, intelligent, and voluntary. *Whitfield*, 170 N.C. App. at 621, 613 S.E.2d at 291. In *Whitfield*, we found the following inquiry sufficient:

THE COURT:      All right. Ms. Whitfield, do you understand that you have possibly 11 to 15 months hanging over your head?

DEFENDANT:      Yes, ma'am.

THE COURT:      You understand that?

DEFENDANT:      Yes, ma'am.

THE COURT:      If your probation is revoked, you may very well have your sentence activated, have to serve that time. You're entitled to have an attorney to represent you. Are you going to hire an attorney to represent you, represent yourself, or ask for a court appointed attorney[?] Of those three choices, which choice do you make?

DEFENDANT:      Represent myself.

THE COURT:      Put your left hand on the Bible and raise your right hand.

(The Defendant was sworn by the Court)

THE COURT:      That is what you want to do, so help you God?

DEFENDANT:      Yes, ma'am.

*Id.* We held the trial court, and the preceding inquiry, satisfied all three requirements as set forth in N.C.G.S. § 15A-1242.

> [The trial court] informed [the] defendant of the right of assistance of counsel, including the right to a court-appointed attorney if [the] defendant was entitled to one. The trial [court] also made sure that [the] defendant

understood that her probation could be revoked, that her sentences could be activated, and that she could serve eleven to fifteen months in prison. Cognizant of these facts, [the] defendant verbally gave a knowing, intelligent, and voluntary waiver of her right to counsel. Later, [the] defendant signed a document indicating that she waived her right to counsel and wanted to appear on her own behalf. Therefore, we have no doubt that [the] defendant intended to and did in fact waive her right to counsel.

*Id.*

Based on our prior holding in *Whitfield*, where we found a similar inquiry adequate under N.C.G.S § 15A-1242, here we hold the inquiry of Defendant to satisfy the statutory mandate.

First, the trial court informed Defendant of her right to assistance of counsel, including the right to a court-appointed attorney if entitled to one by stating, "[y]ou got the right to represent yourself, hire an attorney of your own choosing and if you feel you cannot hire an attorney, I'll review an affidavit to determine if you so qualify." The trial court in *Whitfield* informed the defendant, "[y]ou're entitled to have an attorney to represent you. Are you going to hire an attorney to represent you, represent yourself, or ask for a court appointed attorney[?] Of those three choices, which choice do you make?" *Whitfield,* 170 N.C. App. at 621, 613 S.E.2d at 291. Here, the content of the trial court's statement is substantially similar to the trial court's statement in *Whitfield* and is therefore sufficient to meet the first requirement of N.C.G.S. § 15A-1242.

Second, the trial court ensured Defendant understood her probation could be revoked, her sentence could be activated, and she could serve an active sentence. The trial court stated, "you're up here for an alleged probation violation. If it's found that your violation is a willful one, you could be required to serve the suspended sentence that was heretofore given to you which is not less than 23, no more than 40 months in the Department of Corrections." The trial court in *Whitfield* stated, "[a]ll right, Ms. Whitfield, do you understand that you have possibly 11 to 15 months hanging over your head? . . . You understand that?" *Id.* The defendant responded, "[y]es ma'am" to each question. *Id.* This inquiry was sufficient to ensure that the defendant understood the consequences of her decision. *Id.* The inquiry conducted here is just as clear as the inquiry in *Whitfield*. The trial court clearly stated why Defendant was in court, and the possible sentence length if it was found that Defendant had in fact violated her probation. Not only did Defendant choose to represent herself after hearing the range of her potential sentence should the probation be revoked, Defendant also completed the written waiver of counsel form.

Finally, we hold that Defendant comprehended the nature of the charges, proceedings, and the range of permissible punishments. The trial court in *Whitfield* held that, "[c]ognizant of [the] facts, [the] defendant verbally gave a knowing, intelligent, and voluntary waiver of her right to counsel." *Id.* On appeal, Whitfield argued that "she was confused about her right to counsel," as she raised questions

"[w]hen the prosecutor asked [her] to admit or deny the charges." *Id.* However, the court found that since "[the] defendant's statement came *after* she waived her right to counsel verbally[] . . . [the] defendant was aware of the consequences of representing herself and made her decision without hesitation." *Id.* at 622, 613 S.E.2d at 291-92.

Here, when presented with the information about her sentence and the potential length of that sentence, as well as her right to counsel, Defendant was asked, "[w]hat's your desire about a lawyer?" Defendant responded, "I guess I can for myself[,]" and executed the written waiver of counsel form. Defendant answered all of the trial court's questions clearly and without hesitation, even though she had been informed that she had "the right to remain silent." Defendant was aware of the charges, proceedings, and the range of permissible punishments, just like the defendant in *Whitfield*. Defendant then verbally gave a knowing, intelligent, and voluntary waiver of her right to counsel. Defendant expressed her comprehension of the nature of the charges, proceedings, and the range of permissible punishments when she chose to waive her right to counsel. The trial court conducted an adequate inquiry and Defendant's waiver of counsel was knowing, intelligent, and voluntary under N.C.G.S. § 15A-1242.

## CONCLUSION

Defendant's waiver of counsel was knowing, intelligent, and voluntary, and the trial court did not err by allowing Defendant to proceed pro se.

NO ERROR.

Judges BRYANT and STROUD concur.