INMAN, Judge.
 

 *845
 
 Deborah Lynn Glisson ("Defendant") appeals from a judgment finding her guilty of,
 
 inter alia
 
 , felonious conspiracy to traffic opium by sale and delivery and possession of oxycodone with intent to sell and deliver. Defendant contends the trial court erred by denying her motion to dismiss the conspiracy charge related to the controlled buy on 13 September 2012 for insufficiency of the evidence. After careful review, we hold that Defendant has failed to demonstrate error.
 

 I. Factual and Procedural History
 

 Defendant was indicted on 5 August 2013, 28 April 2014, and 4 August 2014 for eighteen drug-related offenses arising from three separate controlled buys arranged by the Jones County Sheriff's Office between August and December 2012. The evidence at trial tended to show the following:
 

 On or about August 2012, an informant with the Jones County Sheriff's Office contacted Detective Timothy Corey ("Detective Corey") and informed him that a couple, believed to be husband and wife, were selling oxycodone. At Detective Corey's direction, the informant arranged for a controlled buy from Defendant.
 

 On 16 August 2012, Detective Corey and the informant met Defendant, who was accompanied by James Adkins ("Adkins"), in a parking lot in Pottersville, North Carolina. Defendant and Adkins arrived in a Ford Focus, which Defendant was driving. Defendant exited the Ford and walked over to the informant's vehicle to talk with him. The informant introduced Detective Corey as a family member from out of town who wanted to buy oxycodone. After a short conversation, Detective Corey requested oxycodone and paid Defendant $140. Defendant then turned to the passenger side front seat of the Ford and spoke with Adkins, who produced a pill bottle. Defendant counted out a number of pills and gave them to Detective Corey. The pills were later confirmed to be oxycodone.
 

 Detective Corey and the informant then arranged for a second controlled buy from Defendant. On or about 13 September 2012,
 
 [1]
 
 Detective Corey met the informant in an unfinished subdivision, and shortly thereafter, at dusk, Defendant and Adkins arrived in the same Ford Focus Defendant had driven to the initial controlled buy. Defendant told
 
 *846
 
 Detective Corey that she did not like the meeting location "because it's a subdivision that, you know, she don't know where anybody is coming from." Defendant gave Detective Corey twenty oxycodone pills in exchange for $80.
 

 Detective Corey set up a third controlled buy to take place on 7 December 2012 in the same unfinished subdivision as the second controlled buy. Defendant told Detective Corey that she had to pick up Adkins before the meeting. Detective Corey met Defendant and Adkins and paid Defendant $200. Adkins then handed Detective Corey thirty-four oxycodone pills. Defendant was arrested immediately after delivering the pills to Detective Corey.
 

 At the close of the State's evidence, Defendant made an oral motion to dismiss on all charges. Defendant's trial counsel argued that the State's evidence and testing methods were insufficient to satisfy the minimum
 
 *127
 
 weight requirement element for the charge of trafficking opium. The trial court dismissed one trafficking in opium by possession charge and reduced the other two charges from trafficking in opium to sale and delivery of opium. Defendant chose not to testify and presented no evidence. Her counsel renewed her general motion to dismiss all remaining charges based on the insufficiency of the evidence. The trial court denied the motion to dismiss. Following a meeting with counsel in chambers, the trial court dismissed the trafficking allegations in the conspiracy charges, reducing those charges to conspiracy to sell opium, conspiracy to deliver opium, and conspiracy to possess with intent to sell or deliver opium. The trial court reviewed the jury instructions with Defendant's trial counsel, who agreed with the proposed instructions regarding each conspiracy charge.
 

 The jury returned a guilty verdict on all remaining charges, except that the jury found the lesser included offense of knowingly (rather than intentionally) maintaining a motor vehicle to possess and sell oxycodone on the dates of all three transactions. Defendant gave oral notice of appeal.
 

 II. Analysis
 

 On appeal, Defendant challenges the sufficiency of the evidence for the charge of felonious conspiracy to traffic opium by sale and delivery and possession of oxycodone with intent to sell and deliver related to the events of the second controlled buy on 13 September 2012. Defendant contends the State failed to present evidence, aside from Adkins's mere presence at the transaction on 13 September 2012, that Defendant conspired with Adkins to traffic opium on that date.
 

 *847
 

 A. Appellate Jurisdiction
 

 The State first contends that Defendant failed to preserve this issue for appeal because her counsel argued before the trial court only that the State had presented insufficient evidence of the weight of the pills involved in each transaction. We disagree, based upon the record before us and our precedent holding that a general motion to dismiss for insufficiency of the evidence preserves all issues regarding the insufficiency of the evidence, even those issues not specifically argued before the trial court.
 
 State v. Pender
 
 , --- N.C.App. ----, ----,
 
 776 S.E.2d 352
 
 , 360 (2015) (holding that although trial counsel presented a specific argument addressing only two elements of two charges, the defendant's general motion to dismiss "preserved his insufficient evidence arguments with respect to all of his convictions,");
 
 State v. Mueller
 
 ,
 
 184 N.C.App. 553
 
 , 559,
 
 647 S.E.2d 440
 
 , 446 (2007) (holding that although trial counsel presented a specific argument addressing only five charges, the defendant's general motion to dismiss preserved arguments regarding fourteen charges on appeal).
 

 Defendant's motion to dismiss required the trial court to consider whether the evidence was sufficient to support each element of each charged offense.
 
 State v. Nabors
 
 ,
 
 365 N.C. 306
 
 , 312,
 
 718 S.E.2d 623
 
 , 626 (2011). The trial court acknowledged Defendant's contention that the State "simply failed to offer sufficient evidence on each and every count as to justify these cases to survive a motion to dismiss." The trial court referred to the motion as "global" and "prophylactic," acknowledging on the record that Defendant's motion was broader than the single oral argument presented. In ruling on the motion to dismiss, the trial court stated that "the State has offered sufficient evidence on each and every element of all the surviving charges to justify these cases being advanced to the jury." Counsel's oral argument challenging a single aspect of the evidence does not preclude Defendant from arguing other insufficiencies in the evidence on appeal. So we will address the merits of Defendant's argument challenging the sufficiency of the evidence to support the conspiracy charge.
 

 B. Standard of Review
 

 A trial court, on a motion to dismiss for insufficient evidence, "must determine only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense."
 
 State v. Olson
 
 ,
 
 330 N.C. 557
 
 , 564,
 
 411 S.E.2d 592
 
 , 595 (1992) (citation omitted). "Whether evidence presented constitutes
 
 *128
 
 substantial evidence is a question of law for the court" and is reviewed
 
 de novo
 
 .
 
 State v. Vause
 
 ,
 
 328 N.C. 231
 
 , 236,
 
 400 S.E.2d 57
 
 , 61 (1991) (citation
 
 *848
 
 omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion."
 
 Olson
 
 ,
 
 330 N.C. at 564
 
 ,
 
 411 S.E.2d at 595
 
 (citation omitted). In reviewing the denial of a motion to dismiss for insufficiency of the evidence, "we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences."
 
 State v. Benson
 
 ,
 
 331 N.C. 537
 
 , 544,
 
 417 S.E.2d 756
 
 , 761 (1992) (citation omitted). "Any contradictions or discrepancies in the evidence are for the jury to resolve and do not warrant dismissal."
 
 Olson
 
 ,
 
 330 N.C. at 564
 
 ,
 
 411 S.E.2d at 595
 
 (citation omitted).
 

 C. Sufficiency of the Evidence
 

 "A criminal conspiracy is an agreement between two or more people to do an unlawful act or to do a lawful act in an unlawful way."
 
 State v. Bell
 
 ,
 
 311 N.C. 131
 
 , 141,
 
 316 S.E.2d 611
 
 , 617 (1984) (citation omitted). To prove the crime of conspiracy, "the State need not prove an express agreement;" rather, "evidence tending to show a mutual, implied understanding will suffice."
 
 State v. Morgan
 
 ,
 
 329 N.C. 654
 
 , 658,
 
 406 S.E.2d 833
 
 , 835 (1991) (citation omitted). "The existence of a conspiracy may be established by direct or circumstantial evidence, although it is generally established by a number of indefinite acts, each of which, standing alone, might have little weight, but, taken collectively, they point unerringly to the existence of a conspiracy."
 
 State v. Worthington
 
 ,
 
 84 N.C.App. 150
 
 , 162,
 
 352 S.E.2d 695
 
 , 703 (1987) (internal quotation marks and citations omitted). "In 'borderline' or close cases, our courts have consistently expressed a preference for submitting issues to the jury, both in reliance on the common sense and fairness of the twelve and to avoid unnecessary appeals."
 
 State v. Hamilton
 
 ,
 
 77 N.C.App. 506
 
 , 512,
 
 335 S.E.2d 506
 
 , 510 (1985) (citations omitted).
 

 Here, the State presented evidence of indefinite acts amounting to substantial evidence that Defendant conspired with Adkins to traffic opium on 13 September 2012. Defendant brought Adkins in her vehicle to the unfinished subdivision just as she had brought Atkins with her for the initial transaction with Detective Corey, and just as she would bring Adkins with her again for the third transaction in December. The area of the exchange was one Defendant did not like and the sale took place at or near dark. The drugs were maintained in the same vehicle as Adkins, and Defendant exchanged the drugs and counted the money in front of him. From this, it would be reasonable for the jury to infer that Adkins was present at Defendant's behest to provide safety and comfort to Defendant during the transaction.
 
 See
 

 State v. Jackson
 
 ,
 
 103 N.C.App. 239
 
 , 244,
 
 405 S.E.2d 354
 
 , 357 (1991) ("[I]t is reasonable for the jury to infer that the defendant was present merely to ensure the
 
 *849
 
 safety of the cocaine. This evidence, while circumstantial in nature ... allowed the state to withstand the defendant's motion to dismiss [a conspiracy charge.]"). This evidence was sufficient for the State to withstand Defendant's motion to dismiss.
 

 D. Single Conspiracy
 

 Defendant argues that evidence of Adkins' participation in the other two transactions cannot be considered to support the separate conspiracy charge related to the 13 September 2012 transaction, but instead establishes a single conspiracy to engage in three transactions, so that Defendant could be convicted of only one conspiracy charge. We disagree.
 

 "There is no simple test for determining whether single or multiple conspiracies are involved: the essential question is the nature of the agreement or agreements, ... factors such as time intervals, participants, objectives, and number of meetings all must be considered."
 
 State v. Rozier
 
 ,
 
 69 N.C.App. 38
 
 , 52,
 
 316 S.E.2d 893
 
 , 902 (1984). By electing to charge separate conspiracies, the State "must prove not only the existence of at least two agreements but also that they were separate."
 
 Id.
 
 at 53, 316 S.E.2d at 902 (citation omitted). "Although the offense of conspiracy is complete upon formation of the unlawful agreement, the offense continues until the conspiracy comes to fruition or is abandoned."
 

 *129
 

 State v. Medlin
 
 ,
 
 86 N.C.App. 114
 
 , 122,
 
 357 S.E.2d 174
 
 , 179 (1987) (citation omitted). Ultimately, "[t]he question of whether multiple agreements constitute a single conspiracy or multiple conspiracies is a question of fact for the jury."
 
 State v. Tirado
 
 ,
 
 358 N.C. 551
 
 , 577,
 
 599 S.E.2d 515
 
 , 533 (2004) (citing
 
 Rozier
 
 ,
 
 69 N.C.App. at 54
 
 , 316 S.E.2d at 903 ).
 

 Here, the evidence in the record, including the evidence from the other two controlled buys, supports the existence of multiple separate conspiracies. Approximately one month passed between the first and second controlled buys, and approximately three months passed between the second and third controlled buys. There was no evidence to suggest that Defendant planned the transactions as a series. Rather, the informant or Detective Corey initiated each transaction. The evidence was sufficient to support a reasonable inference that Defendant and Atkins planned each transaction in response to separate, individual requests by the buyers and completed each plan upon the transfer of money for oxycodone. While the objectives of each controlled buy may have been similar-to purchase oxycodone-the agreed upon amount differed and none of the transactions contemplated future transactions.
 

 *850
 
 In light of the foregoing, we conclude that the evidence in the record supports the charges of multiple conspiracies. We hold that Defendant has not met her burden of establishing that the trial court erred in denying her motion to dismiss for insufficiency of the evidence on the multiple conspiracy charges.
 

 III. Conclusion
 

 For the above mentioned reasons, we hold the trial court did not err by denying Defendant's motion to dismiss and submitting to the jury the charge of conspiracy to traffic a Schedule II controlled substance as related to the 13 September 2012 transaction.
 

 NO ERROR.
 

 Chief Judge MCGEE and Judge DAVIS concur.
 

 [1]
 

 There were several errors made at trial as to the date of the second controlled buy. However, defense counsel raised no objections and did not offer an alibi defense for the events of 13 September 2012 or any of the other mistaken dates.