INMAN, Judge.
 

 *409
 
 Michael Todd Walker ("Defendant") appeals from judgments entered on 19 June 2015 convicting him of,
 
 inter alia
 
 , two counts of assault with
 
 *410
 
 a deadly weapon with intent to kill inflicting serious injury upon K.D.
 
 [1]
 
 , assault with a deadly weapon with intent to kill inflicting serious injury upon D.C., and attempted first degree murder of K.D. Defendant asserts that the State failed to present sufficient evidence to support the intent elements of each of these four convictions. After careful review, we hold Defendant failed to preserve his arguments before the trial court, and affirm his convictions, dismissing Defendant's appeal.
 

 Procedural History
 

 Defendant was indicted on thirty-four counts, including three counts of assault with a deadly weapon with intent to kill inflicting serious injury ("AWDWWIKISI"), and one count of attempted first degree murder. After waiving his right to a jury trial, Defendant
 
 *530
 
 was convicted on the above mentioned charges as well as twenty-six of the remaining thirty charges. The trial court consolidated the convictions and sentenced Defendant to three consecutive life terms without the possibility of parole.
 

 Defendant timely appealed.
 

 Analysis
 

 As an initial matter, the State challenges Defendant's preservation of his arguments on appeal. Specifically, the State asserts that Defendant failed to challenge the sufficiency of the evidence as to the intent elements of the four challenged convictions before the trial court, and therefore did not preserve those arguments for appellate review. We agree.
 

 To preserve an issue for appellate review, "a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10(a)(1) (2015). Rule 10(a)(3) of the North Carolina Rules of Appellate Procedure provides further that
 

 [i]n a criminal case, a defendant may not make insufficiency of the evidence to prove the crime charged the basis of an issue presented on appeal unless a motion to dismiss the action, or for judgment as in case of nonsuit, is made at trial. If a defendant makes such a motion after the State has presented all its evidence and has rested its case and that motion is denied and the defendant then introduces evidence, defendant's motion for dismissal or judgment in
 
 *411
 
 case of nonsuit made at the close of State's evidence is waived. Such a waiver precludes the defendant from urging the denial of such motion as a ground for appeal.
 

 A defendant may make a motion to dismiss the action, or for judgment as in case of nonsuit, at the conclusion of all the evidence, irrespective of whether defendant made an earlier such motion. If the motion at the close of all the evidence is denied, the defendant may urge as ground for appeal the denial of the motion made at the conclusion of all the evidence. However, if a defendant fails to move to dismiss the action, or for judgment as in case of nonsuit, at the close of all the evidence, defendant may not challenge on appeal the sufficiency of the evidence to prove the crime charged.
 

 N.C. R. App. P. 10(a)(3).
 

 Our courts have long held that "where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount in the appellate courts."
 
 State v. Holliman
 
 ,
 
 155 N.C.App. 120
 
 , 123,
 
 573 S.E.2d 682
 
 , 685 (2002) (internal quotation marks and citations omitted). This "swapping horses" argument historically has applied to circumstances in which the arguments on appeal were grounded on separate and distinct legal theories than those relied upon at the trial court, or when a sufficiency of the evidence challenge on appeal concerns a conviction different from a charge challenged before the trial court.
 
 See
 

 id.
 

 ,
 
 155 N.C.App. at 123-24
 
 ,
 
 573 S.E.2d at 685-86
 
 (arguing before the trial court that the defendant's confession was coerced, while arguing on appeal that the defendant's seizure was improper for lack of probable cause);
 
 State v. Baldwin
 
 ,
 
 117 N.C.App. 713
 
 , 717,
 
 453 S.E.2d 193
 
 , 195 (1995) (arguing double jeopardy concerns at trial, while arguing on appeal a variance between the indictment and the proof offered at trial);
 
 State v. Willams
 
 ,
 
 209 N.C.App. 757
 
 ,
 
 710 S.E.2d 707
 
 ,
 
 2011 WL 693281
 
 *1, *3, 2011 N.C. App. LEXIS 339 *1, *7-9 (Mar. 1, 2011) (unpublished) (holding the defendant did not preserve a challenge to the sufficiency of the evidence for a possession of a firearm by a felon charge, when at trial the defendant argued only that there was insufficient evidence for a first-degree kidnapping charge).
 

 In
 
 State v. Chapman
 
 , this Court applied the "swapping horses" rule to a scenario in which the defendant argued before the trial court that the State presented insufficient evidence as to one element of a charged offense, and on appeal asserted the State presented insufficient evidence as to a different element of the same charged offense.
 

 *412
 
 --- N.C.App. ----, ----,
 
 781 S.E.2d 320
 
 , 330 (2016) (holding the defendant, who argued at
 
 *531
 
 trial that the State failed to present sufficient evidence to support the "dangerous weapon" element of a charge of robbery with a dangerous weapon, did not preserve for appeal an argument that the State failed to present sufficient evidence that she "knowingly committed the crime as an actor in concert or as an aider or abettor.") (internal quotation marks omitted). The decision in
 
 Chapman
 
 highlighted the defense counsel's specific language at trial limiting the basis for the motion to dismiss to the specific element challenged.
 

 Id.
 

 (quoting from the trial transcript, "We contend there has been no evidence showing that the manner in which it was used, in which the BB gun was used, rises to the level of being a dangerous weapon.
 
 Based upon that
 
 , we would ask Your Honor to dismiss the charge of robbery with a dangerous weapon.") (emphasis added). The Court explained that the specific reference to one element of the offense removed the other elements of the offense from the trial court's consideration, and therefore from this Court's consideration, because the consideration of the sufficiency of the evidence on those other elements was no longer "apparent from the context." N.C. R. App. P. 10(a)(1). A specific reference to one element contrasts with cases in which a defense counsel makes a more generalized motion to dismiss for insufficiency of the evidence.
 
 See
 
 ,
 
 e.g.
 
 ,
 
 State v. Glisson
 
 , COA16-426, --- N.C.App. ----, ----,
 
 796 S.E.2d 124
 
 , 127,
 
 2017 WL 491786
 
 at *2 (Feb. 7, 2017) (holding that the defendant's challenge to the sufficiency of the evidence was preserved because the trial court referred to the challenge as a "global" and "prophylactic" motion to dismiss, thereby making apparent that the trial court considered the sufficiency of the evidence as to all elements of each charged offense);
 
 State v. Pender
 
 , --- N.C.App. ----, ----,
 
 776 S.E.2d 352
 
 , 360 (2015) (holding that while the defense counsel presented a specific argument addressing only two elements of two charges, counsel also asserted a general motion to dismiss which "preserved [the defendant's] insufficient evidence arguments with respect to all of his convictions");
 
 State v. Mueller
 
 ,
 
 184 N.C.App. 553
 
 , 559,
 
 647 S.E.2d 440
 
 , 446 (2007) (holding that the trial counsel's presentation of a specific argument addressed only five charges, but the general motion to dismiss preserved the arguments regarding the other charges on appeal). A general motion to dismiss requires the trial court to consider the sufficiency of the evidence on all elements of the challenged offenses, thereby preserving the arguments for appellate review.
 

 In this case, Defendant's motion to dismiss addressed specific elements of the charged offenses other than the intent element and did not present a general challenge to the sufficiency of the evidence as to all elements of each offense. In his initial motion to dismiss following the presentation of the State's evidence, defense counsel challenged
 
 *413
 
 the three AWDWWIKISI charges based solely on the severity of the victims' injuries. Regarding the charge of attempted first degree murder, defense counsel stated: "I would move for a dismissal
 
 simply
 
 on the grounds that the attempt wasn't carried out and the circumstances as described by the witnesses would suggest that the opportunity was there." (emphasis added). Defense counsel failed to broaden the scope of his motion when he renewed it following the close of all the evidence. He explained: "Your Honor, at this time, we would move for dismissal at the close of all of the evidence. I'll just repeat the same arguments that I made previously. I believe that there's not sufficient evidence
 
 in all of the particulars
 
 that I repeated [sic] in my initial argument." (emphasis added). The trial court asked counsel to clarify the basis for the motion to dismiss, further highlighting its narrow scope:
 

 MR. HEDGPETH: ... I would move for a dismissal
 
 simply
 
 on the grounds that the attempt wasn't carried out and the circumstances as described by the witnesses would suggest that the opportunity was there.
 
 Therefore, I would argue that there was no attempt to do so
 
 .
 

 THE COURT: Are you saying "no attempt" or "no intent"?
 

 MR. HEDGPETH: Attempt, no attempt.
 

 THE COURT: Attempt.
 

 *532
 
 MR. HEDGPETH: That is my recollection of evidence and my motion for a dismissal.
 

 (emphasis added).
 

 Because defense counsel argued before the trial court the sufficiency of the evidence only as to specific elements of the charges and did not refer to a general challenge regarding the sufficiency of the evidence to support each element of each charge, we hold Defendant failed to preserve the issues of the sufficiency of the evidence as to the other elements of the charged offenses on appeal.
 

 Conclusion
 

 For the above mentioned reasons, we dismiss Defendant's arguments as to the sufficiency of the evidence on the four challenged charges for failure to preserve the issue below.
 

 DISMISSED.
 

 Judges BRYANT and TYSON concur.
 

 [1]
 

 The victims are not identified by name to protect their identities pursuant to N.C. R. App. P. 4(e) (2015).