STROUD, Judge.
Defendant appeals his convictions for possession of a firearm by a felon, trafficking in heroin by possession, possession with the intent to sell or deliver cocaine, and attaining the status of habitual felon.
I. Background
The State's evidence tended to show that on 14 March 2016, the Dare County Sheriff's Department received a call reporting a suspicious person on Jones Circle. Deputy Sheriff Andrew Creech responded to the call and noticed a screen pulled out of a window of a home, and the window was open; inside the house he saw defendant. Deputy Creech tried to coax defendant outside of the house, but he would not come as he claimed people were "after him." Defendant was "very active in the house" and law enforcement officers saw him walking around much of the interior, heard slamming doors or drawers, and saw defendant pulling up his pants. Defendant eventually came out of the house with $ 2,216.00 in cash and a white substance on and in his nose. Defendant told the officers he had a gun when he was running to the house -- he was running from the people he claimed were "after him" -- but was not sure where he dropped it.
The law enforcement officers called the man who owned the house, and he allowed them to search the house. Inside they found a black plastic bag containing smaller red plastic baggies of cocaine and heroin, digital scales, and a pistol magazine. The homeowner said none of the items belonged to him. Law enforcement officers then searched defendant's home and found several bullet holes, some from shots fired from inside the house and some from shots fired from the outside into the house.
Defendant was indicted for trafficking in heroin by possession, possession with the intent to sell or deliver a controlled substance, possession of a firearm by a felon, and attaining the status of habitual felon. At defendant's trial, two witnesses testified that they had purchased heroin and cocaine from defendant, always in a little red plastic baggie similar to those recovered by law enforcement. A jury found defendant guilty of all of the charges against him; defendant pled to attaining the status of habitual felon; and the trial court entered judgments accordingly. Defendant appeals.
II. Failure to Preserve Issue
Defendant first contends that the trial court erred in failing to dismiss all of the charges against him due to the insufficiency of the evidence. At the close of the State's evidence defendant's attorney stated, "For the defense, Your Honor, at the close of the State's case, we would move for a directed verdict in favor of the defendant. I do not care to argue that motion, however." The trial court denied the motion. Defendant did not present any evidence and at the close of all of the evidence his attorney stated, "I would just renew my motions."
Defendant contends that his motion for a directed verdict should be treated as a motion to dismiss, and we agree this is appropriate. See State v. Britt , 285 N.C. 256, 262, 204 S.E.2d 817, 822 (1974) ("The Motion to Dismiss and the Motion for a Directed Verdict of not guilty presented the question of whether the evidence was sufficient to warrant its submission to the jury and to support a verdict of guilty of the offense charged in the indictment. These Motions have the same legal effect as a Motion for Judgment in case of nonsuit." (citation omitted)). But defendant must still argue some legal basis for a motion to dismiss to preserve an argument for appeal. See generally State v. James , 242 N.C. App. 188, 195, 774 S.E.2d 871, 876 (2015), aff'd per curiam , 368 N.C. 728, 782 S.E.2d 509 (2016).
Defendant argues that his general motion, with no argument or reason supporting dismissal, is enough to preserve his argument of sufficiency of the evidence on all elements of all of the charges. Defendant cites to State v. Glisson , --- N.C. App. ----, 796 S.E.2d 124 (2017) and State v. Walker , --- N.C. App. ---- 798 S.E.2d 529 (2017) in support of his assertion that his general "motion to dismiss" was enough to preserve the issue of sufficiency of the evidence. But, in Glisson the defendant had made a general and broad motion to dismiss based on the insufficiency of the evidence, and this Court determined "a general motion to dismiss for insufficiency of the evidence preserves all issues regarding the insufficiency of the evidence, even those not specifically argued before the trial court" reasoning that in that case "[d]efendant's motion to dismiss required the trial court to consider whether the evidence was sufficient to support each element of each charged offense." Glisson, --- N.C. App. at ----, 796 S.E.2d at 127 (emphasis added). Here, unlike in Glisson , defendant did not make "a general motion to dismiss for insufficiency of the evidence" nor was the trial court "required ... to consider whether the evidence was sufficient to support each element of the offense charged." Id. The sufficiency of the evidence was in no way raised before the trial court.
In Walker , the defendant made a motion to dismiss based on the evidence supporting specific elements of the crime, and this Court dismissed the appeal
[b]ecause defense counsel argued before the trial court the sufficiency of the evidence only as to specific elements of the charges and did not refer to a general challenge regarding the sufficiency of the evidence to support each element of each charge, we hold Defendant failed to preserve the issues of the sufficiency of the evidence as to the other elements of the charged offenses on appeal.
--- N.C. App. at ----, 798 S.E.2d at 530-32, disc. review denied , 369 N.C 755, 799 S.E.2d 619 (2017). Thus, in Walker , the defendant challenged the sufficiency of the evidence as to certain elements of the charges before the trial court, and this Court determined that he had not preserved his argument as to other elements or charges not argued before the trial court, based upon the theory that parties are not allowed to "swap horses" for the appeal. Id. at ----, 798 S.E.2d at 530-31 ("In State v. Chapman , this Court applied the 'swapping horses' rule to a scenario in which the defendant argued before the trial court that the State presented insufficient evidence as to one element of a charged offense, and on appeal asserted the State presented insufficient evidence as to a different element of the same charged offense."). Here, defendant did not raise the sufficiency of the evidence at all before the trial court, and thus defendant has failed to preserve this issue for review. See generally James, 242 N.C. App. at 195, 774 S.E.2d at 876 ("The motions to dismiss made by Defendant's counsel's at trial were based solely upon the premise that the superseding indictment was invalid. Defendant's counsel did not expressly make the argument in the trial court that he has raised on appeal, which is that there was insufficient evidence for the charge to proceed to the jury. Therefore, as Defendant failed to properly preserve his sufficiency of the evidence argument for appellate review, we dismiss Defendant's appeal as to this issue."). We dismiss this issue.
III. Evidence of Other Wrongs
Defendant's only other argument on appeal is the trial court erred in overruling his objection and allowing in evidence of other wrongs, specifically the testimony of two witnesses that they had purchased heroin and cocaine many times from defendant packaged in red bags like the ones found by law enforcement officers. Defendant specifically contends the evidence was unfairly prejudicial under Rule of Evidence 403 and impermissible character evidence under Rule 404(b) but does not challenge the evidence on relevance.
"Under Evidence Code Rule 404(b), evidence of prior incidents is admissible to show, inter alia , motive, opportunity, intent, knowledge, and common plan or scheme if the incidents are sufficiently similar and not so remote in time as to be more probative than prejudicial under the balancing test of Evidence Code Rule 403." State v. Stevenson , 169 N.C. App. 797, 798, 611 S.E.2d 206, 208 (2005).
We first address the appropriate standard of review for a trial court's decision to admit evidence under Rule 404(b). The Court of Appeals has consistently applied an abuse of discretion standard in evaluating the admission of evidence under Rules 404(b) and 403. Though this Court has not used the term de novo to describe its own review of 404(b) evidence, we have consistently engaged in a fact-based inquiry under Rule 404(b) while applying an abuse of discretion standard to the subsequent balancing of probative value and unfair prejudice under Rule 403. For the purpose of clarity, we now explicitly hold that when analyzing rulings applying Rules 404(b) and 403, we conduct distinct inquiries with different standards of review. When the trial court has made findings of fact and conclusions of law to support its 404(b) ruling, as it did here, we look to whether the evidence supports the findings and whether the findings support the conclusions. We review de novo the legal conclusion that the evidence is, or is not, within the coverage of Rule 404(b). We then review the trial court's Rule 403 determination for abuse of discretion.
Having explained the appropriate process and standards of review, we now review the admission of the 404(b) testimony de novo. Rule 404(b) is a clear general rule of inclusion. The rule lists numerous purposes for which evidence of prior acts may be admitted, including motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident. This list is not exclusive, and such evidence is admissible as long as it is relevant to any fact or issue other than the defendant's propensity to commit the crime. ....
Though it is a rule of inclusion, Rule 404(b) is still constrained by the requirements of similarity and temporal proximity. Prior acts are sufficiently similar if there are some unusual facts present in both crimes that would indicate that the same person committed them. We do not require that the similarities rise to the level of the unique and bizarre.
State v. Beckelheimer , 366 N.C. 127, 130-31, 726 S.E.2d 156, 158-59 (2012) (citations and quotation marks omitted). Particularly, "in drug cases, evidence of other drug violations is often admissible to prove many of these purposes" enumerated in 404(b). State v. Montford , 137 N.C. App. 495, 501, 529 S.E.2d 247, 252 (2000).
We first note that here the trial court provided a thorough limiting instruction regarding the evidence at issue,
Thank you, ladies and gentlemen, for your patience and indulgence. I will tell you now that evidence is about to be presented to you which may be evidence of commission of another crime or wrong or acts other than that for which the defendant is charged in this particular case. Therefore, this evidence is not to be considered by you as evidence of his character, or that he acted in conformity therewith on this particular occasion or those occasions about which he's been charged. Instead this evidence is presented to you for a limited purpose, and that is for purposes of showing both the power and intent to control a controlled substance or possess or control a controlled substance or an item. It is also offered to you as to the specific intent that is required for one of the substantive offenses, that is the intent to sell and/or deliver a controlled substance. It is also offered to you for the purpose of a particular identification, that is to the identification of a particular controlled substance based upon its packaging. It is to be considered by you then for these limited purposes and not for purposes of character.
If you understand these instructions and can follow those, please raise your hand. Thank you. If you are unable to understand these instructions or are unable to follow them, please raise your hand.
Let the record now reflect that as to the Court's first inquiry, no juror raised his or her hand -- I mean, as to the Court's first inquiry, each and every jury raised his or her hand. And as to the Court's subsequent inquiry, no juror raised his or her hand.
Thus, the trial court instructed the jury on the legitimate purposes to consider the Rule 404(b) evidence,
of showing both the power and intent to control a controlled substance or possess or control a controlled substance or an item. It is also offered to you as to the specific intent that is required for one of the substantive offenses, that is the intent to sell and/or deliver a controlled substance. It is also offered to you for the purpose of a particular identification, that is to the identification of a particular controlled substance based upon its packaging.
See generally Stevenson , 169 N.C. App. at 798, 611 S.E.2d at 208. As to "the requirements of similarity and temporal proximity[,]" Beckelheimer , 366 N.C. 127, 131, 726 S.E.2d at 159, one witness testified that between 2014 until the time of defendant's arrest she had purchased heroin from defendant in red plastic baggies over one hundred times. The other witness testified she and others with her had purchased cocaine from defendant "once or twice" and heroin once or twice, also in little red bags. The witnesses testified they had purchased the two particular drugs defendant is charged with possessing, heroin and cocaine, packaged in the same distinct manner as the drugs seized by law enforcement, up until the time of his arrest - this evidence thus comports with both the requirements that the act be similar and close in time. See id.
Defendant also argues that the State failed to present any evidence that use of red baggies was "unusual" or that "individuals sold cocaine in any proprietary manner" and that evidence of "generic" drug sales is not sufficient. But it is not necessary for the State to present evidence that drug sellers typically package their products in a particularly distinctive "proprietary" manner. See, e.g., State v. Houston , 169 N.C. App. 367, 373, 610 S.E.2d 777, 782 (2005). For example, in Houston , this Court determined that the trial court did not abuse its discretion in allowing the State's evidence of prior sales of cocaine by the defendant on at least eight occasions, where the sales involved the same amount of cocaine, for the same price, and mostly in the same location. See id. Here, the evidence shows more similarity than that in Houston . Compare id. One witness who had purchased drugs from defendant over 100 times testified that defendant had always used red bags. The witness sometimes purchased "bundles" of "ten little baggies" with a rubber band around them from defendant and sometimes smaller quantities, depending upon how much money she had.[1] The witness had purchased heroin from others, but never in red baggies. There was no abuse of discretion in the trial court's ruling to allow the evidence under Rule 404(b). Further, defendant also has not demonstrated "unfair" prejudice under Rule 403, particularly considering the trial court's thorough limiting instructions, given immediately before the testimony of each witness. This argument is overruled.
IV. Conclusion
For the forgoing reasons, we conclude there was no error.
NO ERROR.
Report per Rule 30(e).
Judges TYSON and ARROWOOD concur.

The rubber-banded sets of ten bags of heroin were referred to in the testimony of various witnesses as either "bundles" or "bindles" but all were describing the same thing.