IN THE SUPREME COURT OF NORTH CAROLINA

No. 119PA18

Filed 14 August 2020

STATE OF NORTH CAROLINA

v.

CHRISTOPHER NATHANIEL SMITH

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, *State v. Smith*, No. COA17-680, 2018 WL 1598522 (N.C. Ct. App. Apr. 3, 2018), finding no error in part and remanding for resentencing a judgment entered on 8 July 2016 by Judge Reuben F. Young in Superior Court, Wake County. Heard in the Supreme Court on 8 January 2020.

*Joshua H. Stein, Attorney General, by Tiffany Y. Lucas, Special Deputy Attorney General, for the State.*

*Yoder Law PLLC, by Jason Christopher Yoder, for defendant.*

NEWBY, Justice.

In this case we decide whether defendant's motion to dismiss preserved for appellate review all sufficiency of the evidence challenges, and if so, whether defendant qualifies as a teacher under N.C.G.S § 14-27.7. Though at trial defendant made arguments about only one specific element of the crime with which he was charged in support of his motion to dismiss, defendant's timely motion and his timely renewal of that motion preserved for appellate review all sufficiency of the evidence issues. Nevertheless, the trial court properly denied defendant's motion to dismiss

since, based on the facts of his case, defendant was properly categorized as a "teacher" under our criminal statutes prohibiting sexual offenses with students. Thus, we modify and affirm the Court of Appeals decision upholding defendant's convictions.

The evidence at trial showed the following: though denominated as a "substitute teacher," defendant worked full-time at Knightdale High School, initially as an In-School Suspension (ISS) teacher and then as a Physical Education (PE) teacher. He worked the same hours as a certified teacher, which included a regularly scheduled planning period. He taught at the school on a long-term assignment and was an employee of Wake County Public Schools. Defendant began the position with hopes of becoming a certified teacher. While defendant did not have his teaching certificate, his transition to the PE department was intended for him to "get a feel for" the position so he would have experience and "be ready" when he tested to receive his certificate and began to serve as a licensed teacher through lateral entry. Defendant met minor D.F., a student at Knightdale High, during his time teaching at the school. On 29 October 2014 D.F. went to defendant's home. D.F. alleged the two engaged in sexual activity.

D.F.'s father became suspicious of D.F. and defendant's relationship, so he brought his concerns to the school's attention. After an internal investigation, the school's resource officer reported the matter to the Raleigh Police Department.

Defendant was thereafter indicted for two counts of engaging in sexual activity with a student pursuant to N.C.G.S. § 14-27.7 (2013)[1]. The indictment alleged that:

> I. [O]n or about October 29, 2014, in Wake County, the defendant named above unlawfully, willfully, and feloniously did engage in vaginal intercourse with D.F. . . . At the time of this offense, the defendant was a teacher at Knightdale High School and the victim was a student at this same school. . . . This act was done in violation of N[.]C[.]G[.]S[.] § 14-27.7(B).
>
> II. [O]n or about October 29, 2014, in Wake County, the defendant named above unlawfully, willfully, and feloniously did engage in a sexual act with D.F. . . . At the time of this offense, the defendant was a teacher at Knightdale High School and the victim was a student at this same school. . . . This act was done in violation of N[.]C[.]G[.]S[.] § 14-27.7(B).

The case proceeded to trial. At the close of the State's evidence, defense counsel made a motion to dismiss based on insufficient evidence. He asserted the following:

> Your Honor, we would like to make a Motion to Dismiss. Very briefly, the State hasn't met every element of the charge. I don't think there are – I know that the Court is to take every inference in the light most favorable to the State but there's also case law when the State's case conflict [sic] to such a degree the Court is to take that into consideration. We would argue this is that type of case, Your Honor.
>
> The victim has stated that sexual intercourse lasted five minutes. She then stated the next day it was between 20 and 30 minutes. She then stated in court it was between 10

---

[1] Because the 2013 version of N.C.G.S. § 14-27.7 was the controlling version of the statute when the events occurred here, we utilize the 2013 version in this opinion. We note, however, that the statute has since been recodified as N.C.G.S. §§ 14-27.31, 14-27.32 (2015).

and 15 minutes. There is evidence of the victim not being credible, Your Honor.

There is a police report where she told her dad that she saved the contact information under "parentheses A." There was evidence that she told the officer that it was under "dot dot dot." There's evidence that she was interviewed by the officer and she didn't give the officer information. At first she said, well, I didn't, I wouldn't lie; I would just omit information, and then she changed that to hide information. She didn't tell information about marijuana. She was interviewed by Officer Emser twice and she didn't give information about alleged oral sex occurring on November 11. She was interviewed by two officers. But then she comes here in court and says that the act did occur.

Your Honor, based on this evidence we would ask that you find that the State's evidence conflicts to such a degree that the Motion to Dismiss should be granted.

The trial court denied the motion. At the end of all the evidence, defense counsel renewed the motion to dismiss:

Your Honor, at the end of all the evidence the Defendant would like to renew his Motion To Dismiss. There's no physical evidence. We would argue the eight pillows, the bottom sheet, the comforter, the blanket and the Toshiba laptop were not tested. There's been conflict in the victim's own testimony. Based on that we would renew our Motion to Dismiss.

The trial court again denied the motion. Ultimately, the jury convicted defendant of two counts of sexual activity with a student.

Defendant appealed, arguing to the Court of Appeals, *inter alia*, that the trial court erroneously denied his motion to dismiss because the evidence at trial did not

establish that he was a "teacher" within the meaning of N.C.G.S. § 14-27.7(b). In the alternative, defendant argued that his motion to dismiss should have been granted because there was a fatal variance between the indictment and proof at trial since the indictment alleged defendant was a "teacher," but his status as a substitute teacher made him "school personnel" under section 14-27.7(b).

The Court of Appeals concluded that defendant had failed to preserve either argument for appellate review. *State v. Smith,* 2018 WL 1598522, at *3 (N.C. Ct. App. Apr. 3, 2018). The Court of Appeals reasoned that, though a general motion to dismiss preserves for appellate review all arguments on the sufficiency of the evidence, *id.* at *2 (citing *State v. Stephens*, 244 N.C. 380, 383, 93 S.E.2d 431, 433 (1956)), when a defendant makes a more specific motion to dismiss, he only preserves for appellate review a sufficiency of the evidence argument for that specific element argued, *id.* at *3. Thus, it opined that any other sufficiency of the evidence argument pertaining to other elements of the crime would not be preserved by a defendant's motion to dismiss. *Id.* (citing *State v. Walker*, 252 N.C. App. 409, 411–12, 798 S.E.2d 529, 530–31 (2017), *abrogated by State v. Golder*, 374 N.C. 238, 839 S.E.2d 782 (2020)). The Court of Appeals noted that defendant's initial motion to dismiss "focused on the veracity of D.F.'s testimony and the lack of physical evidence supporting the allegations that any sexual conduct had occurred," which defendant narrowed in his renewed motion to dismiss when he referenced the preceding arguments and stated that his renewed motion was "based on [those arguments.]" *Id.* at *3. Thus, because

it believed defendant had limited his motion to a single element, "whether sexual activity had occurred," the Court of Appeals concluded that defendant had not preserved appellate review of any argument based on whether he qualified as a teacher under the applicable statute. *Id.*[2] The Court of Appeals also concluded that defendant's fatal variance argument was not preserved because it was not expressly presented to the trial court. *Id.*

Before this Court, defendant first asserts that he sufficiently preserved for appellate review all sufficiency of the evidence issues through his motion to dismiss at trial. At the time that the Court of Appeals decided this case, this Court had not addressed the specific issue of when a motion to dismiss preserves all sufficiency of the evidence issues for appellate review. Subsequently, this Court examined that question in *State v. Golder*, 374 N.C. 238, 839 S.E.2d 782 (2020). In *Golder*, we held that "Rule 10(a)(3) provides that a defendant preserves all insufficiency of the evidence issues for appellate review simply by making a motion to dismiss the action at the proper time." *Id.* Thus, as set forth in *Golder*, under Rule 10(a)(3), so long as a defendant moves to dismiss a case at the appropriate times, his motion preserves "all issues related to the sufficiency of the evidence for appellate review." *Id.* Because

---

[2] The Court of Appeals also addressed defendant's argument that "if his trial counsel failed to preserve th[e substantive] issue for appeal, then he received ineffective assistance of counsel." *Smith*, 2018 WL 1598522, at *4. Because we ultimately conclude that defendant preserved his argument through the motion to dismiss at trial, we need not reach defendant's ineffective assistance of counsel claim.

defendant here made a general motion to dismiss at the appropriate time and renewed that motion to dismiss at the close of all the evidence, his motion properly preserved all sufficiency of the evidence issues.

On the merits of his case, defendant argues there was not substantial evidence that he was a "teacher" under the statute. He claims his position is better denominated as "substitute teacher," which falls under "school personnel." Thus defendant's argument requires us to evaluate the language of several statutes.

N.C.G.S. § 14-27.7(b) (2013) provides that

> If a defendant, who is a teacher, school administrator, student teacher, school safety officer, or coach, at any age, or who is other school personnel, and who is at least four years older than the victim engages in vaginal intercourse or a sexual act with a victim who is a student, at any time during or after the time the defendant and victim were present together in the same school, but before the victim ceases to be a student, the defendant is guilty of a Class G felony . . . . For purposes of this subsection, the terms "school", "school personnel", and "student" shall have the same meaning as in G.S. 14-202.4(d).

Section 14-202.4, which criminalizes taking indecent liberties with a student, states that " '[s]chool personnel' means any person included in the definition contained in G.S. 115C-332(a)(2), and any person who volunteers at a school or school-sponsored activity." N.C.G.S. § 14-202.4(d)(3) (2013). The statute referenced in section 14-202.4 is not within the chapter of the North Carolina General Statutes relating to criminal law but falls under a section about criminal history checks within

North Carolina's education statutes. Section 115C-332 casts a wide net defining the identity of individuals who should be subjected to criminal history checks in a seeming attempt to require background checks for all those who interact with students in the school system. Therefore, section 115C-332 provides that

> (2) "School personnel" means any:
>
>> a. Employee of a local board of education whether full-time or part-time, or
>>
>> b. Independent contractor or employee of an independent contractor of a local board of education, if the independent contractor carries out duties customarily performed by school personnel,
>
> whether paid with federal, State, local, or other funds, who has significant access to students. School personnel includes substitute teachers, driving training teachers, bus drivers, clerical staff, and custodians.

N.C.G.S. § 115C-332(a)(2) (2013).

Here we are asked to construe these statutes and determine what the General Assembly intended by the reference to teachers in N.C.G.S. § 14-27.7(b). It is a well-established principle of statutory construction that "the intent of the Legislature controls." *In re Hardy*, 294 N.C. 90, 95, 240 S.E.2d 367, 371 (1978). In evaluating all of the above statutes, it is evident that the General Assembly intended to cast a wide net prohibiting criminal sexual conduct with students by any adult working on school property. It is clear that the legislature intended that each category be read broadly with a common-sense understanding. A person's categorization as a "teacher" should

be based on a common-sense evaluation of all the facts of the case, not a hyper-technical interpretation based solely on the individual's title. Such a case-by-case analysis involves evaluating, among other circumstances, whether the individual is serving in a full-time or truly part-time position, and whether the individual is in fact teaching students on a regular basis. Taking into account all circumstances in a specific case to determine whether an individual is a "teacher" under N.C.G.S. § 14-27.7 serves the intended purpose by giving a common-sense interpretation of the word "teacher" and protecting students from sexual offenses by adults serving within the school system.

This reasoning is supported by the fact that N.C.G.S. § 115C-332(a)(2) makes clear that the legislature intended to subject anyone working in a school-related role, even ones with less face-to-face access to students such as custodians and non-employees of the school system, to criminal history checks to ensure the protection of students. Therefore, the statutory reference to "substitute teacher" under "school personnel" does not preclude someone with the title of substitute teacher from actually being a "teacher" for purposes of the criminal statute, N.C.G.S. § 14-27.7. To the contrary, whether an individual is a teacher under the criminal statute depends on the facts of the case and the nature of the position in which the individual served.

Thus, the facts of this case, not merely defendant's title, determine whether he was a "teacher" under the statute. The evidence indicated that defendant was in a full-time position. Defendant testified that in serving as a PE teacher, his

understanding of the job was that he would work full-time and "be a teacher without my certification." Defendant served as an ISS teacher for a month on a regular basis before moving into the PE spot, which also provided a full-time schedule. This move to the PE department was intended for defendant to "get a feel for" the position so he would have experience and "be ready" when he qualified to receive his certificate and serve as a licensed teacher through lateral entry. Despite his lack of certification, defendant was at the school on a long-term assignment, an employee of Wake County Public Schools, and held to the same standards as a certified teacher. Defendant taught at the school daily, had a planning period, and had full access to students as any certified teacher would. The only difference between defendant and other teachers was his title based on his lack of a teaching certificate at that time.

Given the statute's clear intent to protect students from sexual encounters with adults working in their schools, it is evident that the various titles set forth in the relevant statutory language should be interpreted functionally, taking into account the nature in which an individual served, as opposed to simply considering the individual's title in a hyper-technical manner. The position defendant fulfilled falls within the "teacher" category as described by N.C.G.S. § 14-27.7. While every substitute teacher may not qualify as a "teacher" under the statute, given the circumstances and facts of this case, defendant fell within the "teacher" category under the statute.

Because we conclude that defendant was correctly deemed a teacher in this case, the same analysis would apply to defendant's secondary argument—that the trial court erred in denying defendant's motion to dismiss because there was a fatal variance between the indictment, alleging that defendant was a teacher, and the evidence at trial, which he asserts showed that defendant was actually "school personnel." Therefore, assuming without deciding that defendant's fatal variance argument was preserved, defendant's argument would not prevail for the same reasoning.

Since defendant moved to dismiss at the appropriate time at trial and timely renewed his motion, he sufficiently preserved for appellate review whether the State presented sufficient evidence of each element of the crime for which he was convicted. Nonetheless, the trial court properly denied defendant's motion to dismiss as defendant falls within the teacher category as defined in N.C.G.S. § 14-27.7. The Court of Appeals decision is therefore modified and affirmed.

MODIFIED AND AFFIRMED.